

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Nathaniel Landry, Plaintiff(s),

vs.

Wal-Mart Stores, Inc., an Arizona Corporation, Defendant(s).

CASE NO. 3AN- 10-07341 CIVIL

SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Wal-Mart Stores, Inc.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Isaac Zorea, whose address is: PO Box 210434, Anchorage, AK 99526.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court. – OR – If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge Suddock and Master _____.

☐ This case has been assigned to District Court Judge _____.

Date: May 10, 2010

CLERK OF COURT
By: _____ Deputy Clerk

I certify that on 5-10-10 a copy of this Summons was ☐ mailed ☒ given to _____
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (st.3)
SUMMONS
Case 3:10-cv-00145-TMB Document 1-2 Filed 07/02/10 Page 1 of 6
Civil Rules 4, 12, 42(c), 55

Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 677-3779
(907) 644-2802 facsimile

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Nathaniel Landry, )
        Plaintiff, )
vs. )
)
Wal-Mart Stores, Inc., an Arizona Corporation. )
        Defendants. )

Case No. 3AN–10      CV

## COMPLAINT

Comes Now, NATHANIEL LANDRY, by and through his attorney, ISAAC DEREK ZOREA alleging as follows:

### JURISDICTION

1.1. At all relevant times, plaintiff resided within Anchorage, Alaska, Third Judicial District, State of Alaska.

1.2. Defendant Wal-Mart Stores, Inc., is an Arizona based corporation with significant business connection within Anchorage, Alaska, located within the Third Judicial District.

1.3. Plaintiff, Nathaniel Landry alleges that he suffered an injury while shopping at Wal-Mart Stores, Inc.'s Anchorage, Alaska store, which is located within the Third Judicial District.

COMPLAINT: LANDRY V. WAL-MART STORES, INC.        PAGE - 1 -

Exhibit B
Page 2 of 6 Pages
Case 3:10-cv-00145-TMB  Document 1-2  Filed 07/02/10  Page 2 of 6

1.4. Venue properly rests in Anchorage, Alaska, located within the Third Judicial District, State of Alaska.

## FACTS

2.1. On or about May 27, 2008, plaintiff Nathaniel Landry entered the Anchorage, Alaska Wal-Mart Store, owned and operated by defendant Wal-Mart Stores, Inc., located at 8900 Old Seward Highway, Anchorage, Alaska, to make a purchase.

2.2. As Nathaniel Landry was walking down the main isle with the Wal-Mart Store, his foot stepped in a thick yellow substance that had been laying unnoticed by him on the store floor. The substance caused Mr. Landry's foot to slip underneath him, and he fell hard within the store isle.

2.3. As a result of the fall Nathaniel Landry suffered while walking down the Wal-Mart Store isle, he found that he was unable to get up on his own, and emergency medical units were called to take Mr. Landry to the emergency room.

2.4. When the emergency unit arrived to the Wal-Mart store to attend to Nathaniel Landry, the medical personnel noticed the yellow substance on the store floor that had caused Mr. Landry's fall. Additionally, Mr. Landry's wife arrived on scene and noticed the yellow substance on the floor.

2.5. As a direct and proximate cause of the injury resulting from Nathaniel Landry's fall at the Wal-Mart store, he experienced significant damage to his knee, causing him to suffer pain, experience weight gain, and lose employment opportunities.

2.6. To date, Wal-Mart Stores, Inc., has refused to fully compensate Nathaniel Landry for the injuries caused by its negligent maintenance of its business facilities.

## CAUSES OF ACTION: NEGLIGENCE

3.1. Plaintiff, Nathaniel Landry, incorporates the facts and allegations within paragraph 2.1. to 2.6, above, and further alleges that these facts establish the tort of negligence against Wal-Mart Stores, Inc.

3.2. Plaintiff specifically alleges that Wal-Mart Stores, Inc., owed him a duty of care, to ensure that its premises were safe and clear of unforeseen dangers.

3.3. Plaintiff Nathaniel Landry alleges that on May 27, 2008, while operating its store at 8900 Old Seward Highway, Anchorage, Alaska, it permitted customers to enter its premises, and during this time its employees had knowledge, or should have had knowledge, that a thick yellow substance was on the main isle where customers were likely to walk down.

3.4. Plaintiff Nathaniel Landry alleges that he entered the Wal-Mart Stores, Inc., store at 8900 Old Seward Highway, Anchorage, Alaska, as a customer, fully expecting that the premises would be kept in a safe condition, and that he would be warned of any hazardous conditions within the defendant's business facilities.

3.5. Plaintiff Nathaniel Landry alleges that while he was walking down the main isle at defendant's store, his foot slipped on a yellow substance that was laying unnoticed on the isle's floor. The slip caused him to fall down in a sudden manner that caused him to suffer significant physical injuries.

3.6. Plaintiff Nathaniel Landry alleges that Wal-Mart Stores, Inc., by permitting a dangerous substance to remain on its main isle floor, breached the duty of care that it owed him.

3.7. Plaintiff Nathaniel Landry further alleges that as a direct and proximate cause of Wal-Mart Stores, Inc.'s, breach of the duty of care it owed to him, he suffered physical injuries, pain, weight gain, health problems, loss of income, and emotional harm.

3.8. Plaintiff Nathaniel Landry seeks monetary damages to compensate him for the harm he suffered due to Wal-Mart Store, Inc.'s negligent breach of the duty of care it owed to him.

## JURY DEMAND

4.1. Plaintiff, Nathaniel Landry, hereby demands a trial by jury on all claims and issues for which he has a right for a jury to render judgment.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff, Nathaniel Landry, requests judgment against defendant, Wal-Mart Stores, Inc., as follows:

1. As compensation for the its negligent breach of the duty of care owed to Nathaniel Landry, he seeks monetary damages within the jurisdictional limit of this court, the exact amount to be determined at trial, to compensate him for the physical injuries resulting from the injuries he experience on May 27, 2008, for pain and suffering, emotional distress, corrective surgery, lose of enjoyment of life, loss of income, attorney fees, past, present, and future losses.

2. Plaintiff Nathaniel Landry further seeks punitive damages based on its egregious carelessness in permitting a known dangerous substance to remain on the floor of its store.

3. Plaintiff Nathaniel Landry additionally seeks all permissible attorney fees, and court costs, pursuant to Civil Rule 82, related to bringing forward this civil cause of action.

4. Plaintiff Nathaniel Landry further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated this 10th day of May 2010.

_____
Isaac Derek Zorea
ABA No. 0011090
Counsel for Nathaniel Landry